UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PACIFIC COAST ENERGY COMPANY, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

PACIFIC COAST ENERGY COMPANY, LP'S COMPLAINT FOR
DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Plaintiff Pacific Coast Energy Company, LP ("PCEC") herby complains of Travelers Casualty and Surety Company of America ("Travelers") as follows:

SUBJECT MATTER JURISDICTION

1.     The Court has subject matter jurisdiction over the controversy at issue under 28 U.S.C. § 1332 in that it is a case or controversy between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

2.     Plaintiff PCEC is a Delaware limited partnership with its principal place of business located in Orcutt, California.  The sole partner of PCEC is PCEC (LP), LLC.

3.     PCEC (LP), LLC is a Delaware limited liability company with its principal place of business located in Orcutt, California. The sole member of PCEC (LP), LLC is Pacific Coast Energy Holdings LLC ("PCEH").

4.     PCEH is a Delaware limited liability company with its principal place of business located in Orcutt, California. The sole member of PCEH is Newbridge Resources Group, LLC.

5.      PCEC is a wholly owned subsidiary of Newbridge Resources Group, LLC ("Newbridge"), the named Insured in the underlying insurance policy. Newbridge is a limited liability company formed under the laws of the State of Delaware and has its principle place of business located in Houston, Texas. The sole member of Newbridge Resources Group, LLC is K-4 Oil LLC.

6.      K-4 Oil LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. The sole member of K-4 Oil LLC is Svati Limited.

7.      Svati Limited is a Bahamian corporation with its principal place of business in the Bahamas.

8.      Defendant Travelers is incorporated the State of Connecticut and has its principal place of business located at One Tower Square, Hartford, CT, 06183. Defendant is registered to do business in the State of Texas.

<u>VENUE</u>

9.      Venue over the parties and controversy exists under 28 U.S.C. § 1391(b)(2). Venue lies in this District because the contract at issue was delivered to Plaintiff by Defendant in the Southern District of Texas.

<u>PERSONAL JURISDICTION OVER DEFENDANT</u>

10.     This Court has personal jurisdiction over Defendant based on its delivery of the policy at issue to Newbridge at its principal place of business within the Southern District of Texas, and because all or a substantial part of the events giving rise to this claim occurred within this District.

FACTUAL BACKGROUND

The Policy

11.     Newbridge is the named insured under the Travelers issued Wrap+ Policy, Policy No. 019-LB-107171950 (the "Policy") for the Policy Period from September 25, 2019 to September 25, 2020. A true and correct copy of the Policy is attached hereto as **Exhibit A.** The Policy was delivered to Newbridge in Houston, Texas.

12.     By virtue of the delivery of the Policy to the insured at its principal place of business in Houston, Texas, this policy is subject to and to be interpreted in accordance with the laws of the State of Texas.

13.     PCEC is a subsidiary of Newbridge, and thus is an "Insured" under the Policy, pursuant to the definition of "Subsidiary" in the applicable Liability Coverage in the Policy. *See* Exhibit A, Liability Coverage, at Section III(L).

14.     The Policy provides defense and indemnity for an Insured Loss for Wrongful Acts resulting from a Claim made during the Policy Period against the Insured. *See* Exhibit A, at Section I of the Policy's Private Company Directors and Officers Liability.

The Evergreen Lawsuit and Reservation of Rights Letter

15.     On July 21, 2020, PCEC was sued in a class-action lawsuit styled *Evergreen Capital Management, LLC v. The Bank of New York Mellon Trust Company, N.A. et al.,* Case No. 20STCV26290; In the Superior Court of California, in and for the County of Los Angeles (the "Evergreen Lawsuit"). A true and correct copy of the Evergreen Lawsuit is attached hereto as **Exhibit B**.

16.     The Evergreen Lawsuit alleges breach of a Trust Agreement and breach of the implied covenant of good faith and fair dealing in the Trust Agreement. Plaintiff in the Evergreen

3

Lawsuit further alleges that PCEC breached the implied covenant of good faith and fair dealing through its bad faith or grossly negligent actions in disclosing and deducting unsupported and misleading ARO estimates, thereby reducing the revenue of the Trust. *Id*. The liability asserted against PCEC for its alleged bad faith and gross negligence is independent of the liability asserted for the alleged breach of a Trust Agreement. As a result, the Evergreen Lawsuit alleges a Claim within the coverage of the Policy. PCEC timely provided notice of the Evergreen Lawsuit to Travelers.

17.     PCEC had previously retained Baker & Hostetler LLP ("BakerHostetler") to represent it with regard to the matters in dispute in the Evergreen Lawsuit.

18.     PCEC timely tendered the Evergreen Lawsuit to Travelers and demanded defense and indemnity under the policy.

19.     By its September 8, 2020 letter to PCEC, Travelers accepted the tender and agreed to defend PCEC subject to a reservation of rights regarding the duty to indemnify PCEC in the event the Loss was determined to arise from an excluded cause. *See* **Exhibit C**, Reservation of Rights letter ("ROR"). Travelers also asserted pursuant to Condition E.1 of the Policy's Terms and Conditions, Travelers that it was entitled to select defense counsel to defend PCEC. *Id*.

20.     However, PCEC requested, and Travelers agreed, to allow BakerHostetler to file a notice of removal, motion to dismiss, and motion to compel arbitration, on behalf of PCEC in the Evergreen Lawsuit, as those motions were already in process at the time Travelers accepted the tender of the suit. The case was later remanded to the Superior Court.

21.     But Travelers refused PCEC's request that Travelers continue to engage the services of BakerHostetler as defense counsel in the Evergreen Lawsuit, asserting that it would retain counsel of its selection from its approved panel counsel. *Id*.

4

22.     Travelers' ROR asserted alleged coverage defenses directly relevant to the merits of the Evergreen lawsuit, including, among others, Exclusion IV.13e (liability arising from an express contract), and Endorsement PDO-19032 Ed. 11-12 (intentional acts/gaining profit or advantage). The facts relevant to whether these exclusions apply are the same facts that are directly relevant to PCEC's purported liability in the Evergreen Lawsuit and its ability to defend itself in the Evergreen Lawsuit.

23.     For instance, the Evergreen Lawsuit alleges, among other things, breaches of a Trust Agreement. Because one of the exclusions Travelers points to is an exclusion of coverage based on breach of an express contract or agreement, should the lawsuit resolve in a finding of liability based on breach of contract, then Travelers states that it will deny coverage. On the other hand, the Evergreen Lawsuit also alleges claims based on gross negligence, that is based on negligence. There is no exclusion under the Policy asserted by Travelers as to these claims. Thus, Travelers' insistence that it control the defense through its appointment of approved panel counsel, would create the ability of Travelers through its chosen counsel to frame the issues and steer the defense in a manner that would take the liability findings outside of coverage. This creates a conflict of interest between insured and its insurer under Texas law.

24.     When a carrier has created such a conflict with its insured through a reservation of rights, while it is still required to provide a defense, under Texas law it no longer has a right to appoint defense counsel of its choosing. Instead, the insured has a right to select its own independent counsel. *See Northern County Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 689 (Tex. 2004) ("…[W]hen the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends, the conflict of interest will prevent the insurer from conducting the defense."); *see also Rhodes v. Chicago Ins. Co., a Div. of Interstate Nat. Corp.*, 719 F.2d 116, 120 (5th Cir.

5

1983). ("When a reservation of rights is made . . . the insured may properly refuse the tender of defense and pursue his own defense. The insurer remains liable for attorneys' fees incurred by the insured and may not insist on conducting the defense.").

25.     Alternatively, were California law to apply to this policy and the defense of the claims at issue thereunder, then Travelers' conduct creates the same conflict of interest. Under California law, insureds have a right to independent counsel paid for by the insurer whenever "there are divergent interests of the insured and the insurer brought about by the insurer's reservation of rights based on possible noncoverage under the insurance policy." *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 208 Cal. Rptr. 494, 506 (Cal. Ct. App. 1984); Cal. Civ. Code § 2860.

26.     Accordingly, this conflict of interest between PCEC and Travelers, which arises from Travelers' ROR, entitles PCEC to independent counsel of its choosing to defend it in the Evergreen Lawsuit.

<u>CONDITIONS PRECEDENT</u>

27.     All conditions precedent to recovery have been performed, have occurred, have been satisfied or have been waived.

<u>FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT</u>

28.     PCEC incorporates the allegations made in the previous paragraphs as if fully stated herein.

29.     Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief.

6

30.     Alternatively, pursuant to Tex.Civ.Prac.&Rem. Code § 37.003(a), in this diversity jurisdiction action, the Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further relief as necessary.

31.     Both Texas, and alternatively California, law provide that because of the conflict created by Travelers' ROR, PCEC is entitled to retain independent counsel, and requires that Travelers remain liable for the cost of defense incurred by PCEC in pursuing its defense in the Evergreen Lawsuit.

32.     An actual and substantial continuing controversy exists between PCEC and Travelers who have adverse legal interests concerning the legality of Travelers' conduct and the conflict of interest resulting from its reservation of rights.  Therefore, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § § 2201-2202 and Federal Rule of Civil Procedure 57, the Court should enter a judgment declaring that that PCEC is entitled to retain Baker & Hostetler as its choice of independent counsel, and that Travelers must pay for such defense pursuant to its duty to provide defense costs under the Policy.

33.     The declaratory relief sought herein will terminate the controversy between PCEC and Travelers with respect to whether or not PCEC is entitled to independent counsel and whether Travelers must pay for such defense.

34.     Specifically, PCEC respectfully requests that this Court enter a declaratory judgment finding:

      a.   PCEC is an Insured under the Policy;

      b.   Travelers is the carrier under Policy No: 019-LB-107171950;

      c.   Texas law governs the rights and liabilities of the Parties to the Policy under a choice of law analysis;

      d.   Even if California law were to be applied to this issue, the outcome is the same;

e.  *Evergreen Capital Management, LLC v. The Bank of New York Mellon Trust Company, N.A. et al.,* Case No. 20STCV26290; In the Superior Court of California, in and for the County of Los Angeles (the "Evergreen Lawsuit") is a lawsuit filed against the Insured;

f.  PCEC timely tendered the defense of the Evergreen Lawsuit to Travelers;

g.  Travelers agreed to assume the defense subject to a reservation of rights;

h.  The lawsuit bases its liability claims on, among other things, alleged gross negligence of PCEC in disclosing and deducting unsupported and misleading ARO estimates, in violation of GAAP and industry practices;

i.  Travelers has issued a ROR asserting that to the extent liability for the claims at issue is based on (1) damages that do not qualify as Loss within the meaning of the Policy, (2) there is no coverage for liability under any express contract or agreement (Exclusion IV.13. e.), and (3) to the extent Plaintiff seeks damages related to the commission of any willful violation of any law or gaining any profit, remuneration, or advantage to which any Insured was not legally entitled, as outlined in Endorsement PDO-19032 Ed. 11-12, it would have no duty to indemnify PCEC;

j.  Travelers' reservation of rights  has created a conflict of interest between it and PCEC;

k.  Despite that conflict of interest, Travelers has demanded that PCEC accept Traveler's selected panel counsel to defend it in the Evergreen Lawsuit;

l.  Because of the conflict of interest, the PCEC is entitled to select its own independent counsel and to submit the bills for costs and fees to the carrier (Travelers) for payment; and

m.  PCEC is entitled to be defended by counsel of its choice at the expense of Travelers.

<u>SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT</u>

35.     PCEC incorporates the allegations made in the previous paragraphs as if fully stated herein.

36.     The Policy is a valid and existing contract between Newbridge and Travelers.

37.     Newbridge and PCEC have fully performed all conditions precedent to recover under the Policy.

38.     Travelers breached its contract (i.e., the Policy) by denying PCEC the right to selection of counsel to which PCEC was entitled in view of the conflict of interest created by

Travelers' reservation of rights.

39.     PCEC is entitled to recover its attorney fees and costs pursuant to the provisions of TEX.CIV.PRAC.&REM. CODE §§ 38.001, *et seq.*

40.     Travelers' breaches of contract have proximately caused damages to PCEC in the amount that exceeds the minimum jurisdictional limits of this Court.

<u>ATTORNEYS' FEES</u>

41.     PCEC incorporates the allegations made in the previous paragraphs as if fully stated herein.

42.     PCEC seeks an award of costs and its reasonable attorneys' fees against Travelers. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.009 and 38.001, *et seq*.

43.     As a result of Travelers' breach of contract, PCEC is entitled to recover from Travelers its costs and reasonable attorneys' fees incurred in connection with the prosecution of this suit. *See* TEX. CIV. PRAC. & REM. CODE § 38.001.

<u>JURY DEMAND</u>

44.     PCEC demands a jury on its breach of contract claim.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully request entry of judgment in favor of Plaintiff and against Defendant and seeking the following relief:

1.   Entry of the following declarations:

   a.   PCEC is an Insured under the Policy;

   b.   Travelers is the carrier under Policy No: 019-LB-107171950;

   c.   Texas law governs the rights and liabilities of the Parties to the Policy under a choice of law analysis;

   d.   Even if California law were to be applied to this issue, the outcome is the same;

9

e. *Evergreen Capital Management, LLC v. The Bank of New York Mellon Trust Company, N.A. et al.,* Case No. 20STCV26290; In the Superior Court of California, in and for the County of Los Angeles (the "Evergreen Lawsuit") is a lawsuit filed against the Insured;

f. PCEC timely tendered the defense of the Evergreen Lawsuit to Travelers;

g. Travelers agreed to assume the defense subject to a reservation of rights;

h. The lawsuit bases its liability claims on, among other things, alleged gross negligence of PCEC in disclosing and deducting unsupported and misleading ARO estimates, in violation of GAAP and industry practices;

i. Travelers has issued a ROR asserting that to the extent liability for the claims at issue is based on (1) damages that do not qualify as Loss within the meaning of the Policy, (2) there is no coverage for liability under any express contract or agreement (Exclusion IV.13. e.), and (3) to the extent Plaintiff seeks damages related to the commission of any willful violation of any law or gaining any profit, remuneration, or advantage to which any Insured was not legally entitled, as outlined in Endorsement PDO-19032 Ed. 11-12, it would have no duty to indemnify PCEC;

j. Travelers' reservation of rights  has created a conflict of interest between it and PCEC;

k. Despite that conflict of interest, Travelers has demanded that PCEC accept Traveler's selected panel counsel to defend it in the Evergreen Lawsuit;

l. Because of the conflict of interest, the PCEC is entitled to select its own independent counsel and to submit the bills for costs and fees to the carrier (Travelers) for payment; and

m. PCEC is entitled to be defended by counsel of its choice at the expense of Travelers.

2. Recovery of defense costs incurred by PCEC in the defense of the Evergreen Lawsuit, which defense costs are continuing to be accrued;

3. Costs of this action, attorneys' fees and pre and post-judgment interest; and

4. Awarding all other relief, at law or in equity, the Court deems necessary and proper.

Dated: March 4, 2021

Respectfully submitted,

BAKER & HOSTETLER LLP

By:  /s/ James C. Winton
     James C. Winton
     Tx Bar No. 21797950
     SDTx No. 10697
     jwinton@bakerlaw.com
     Sashe D. Dimitroff
     Tx. Bar No. 00783970
     SDTx No. 17752
     sdimitroff@bakerlaw.com
     811 Main Street, Suite 1100
     Houston, TX  77002-6111
     Telephone:  713.751.1600
     Facsimile:  713.751.1717

     Attorneys for Plaintiff Pacific Coast
     Energy Company, LP